## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ABSYNTH AINSLEY,** | )    **CASE NO.  1:21 CV 1795** |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **JUDGE DONALD C. NUGENT** |
| | ) |
| **UNITED STATES AIR FORCE, et. al.,** | ) |
| | )    **MEMORANDUM OPINION** |
|     **Defendants.** | )    **AND ORDER** |

**I. Introduction**

On September 20, 2021, *pro se* plaintiff Absynth Ainsley filed this action against the United States Air Force, NASA, Targeted Individual Program, Schriever's Air Force Base, the CIA, the FBI, and "U.S. Military" (Doc. No. 1). The complaint consists of disjointed and illogical statements and includes equally incomprehensible exhibits. The complaint alleges that the defendants "have been holding me hostage, hurting my body, mu[tilating] my breasts and vagina as well as other body parts, with court subliminals, extreme illegal experiments, microwave ... attacks, forced torture ..." (*Id.*). The complaint states that the defendants have conducted a torture program and "have my neck locked in metal encasing ... They have forced me out of my [apartment] to live in my car ... They need to respect my rights." (*Id.*). The exhibits include letters to the defendants describing alleged "torture and abuse" by the defendants,

including "physical loss of my own bio-matter" and "various DNA extraction methods." (Doc. Nos. 1-2, 1-3, and 1-4). The complaint also includes a copy of a Facebook post and a copy of an order denying Plaintiff a civil stalking protection order. (*See* Doc. Nos. 1-7, 1-9, and 1-10).

On October 20, 2021, Plaintiff filed a supplement to the complaint (Doc. No. 6). As best the Court can discern, the supplement contains statements alleging that the Targeted Individual Program staff "originated an attack" on Plaintiff and her property and illegally impounded her vehicle. (*Id.*).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed.

2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief

above the speculative level on the assumption that all the allegations in the complaint are true.

*Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but

he or she must provide more than "an unadorned, the defendant unlawfully harmed me

accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple

recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v.*

*Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable

to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. Discussion

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or

construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the

defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*

*v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted). Additionally, the

Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when

they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful,

-3-

fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 at 32-33.

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as her pleading fails to connect any alleged occurrence to any specific, cognizable injury, and she fails to coherently identify how the defendants harmed her. Additionally, Plaintiff's pleadings do not contain a decipherable legal claim within the jurisdiction of this Court or a proper request for relief. And her factual allegations are at times wholly incredible and irrational. Plaintiff's complaint and supplement therefore lack an arguable basis in fact and fail to state a claim upon which relief may be granted.

## IV. Conclusion

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted.

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). Further, Plaintiff's motion for financial relief (Doc. No. 3), "motion forced no contact from all Defendants" (Doc. No. 4), motion to request criminal prosecution (Doc. No. 5), motion requesting an attorney (Doc. No. 7), and "renewed motion for no contact from Defendants and Immediate Criminal Prosecution" (Doc. No. 8) are denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

DONALD C. NUGENT
United States District Judge

DATED: December 14, 2021

-4-